## PATRICK BAXTER *vs.* BOSTON & WORCESTER RAILROAD CORPORATION.

A railroad corporation is not bound to erect and maintain fences, if the location of the road was filed with the county commissioners and its construction begun before the St. of 1846, c. 271, § 3; and in an action against the corporation for an injury caused by insufficient fencing, the burden is on the plaintiff to prove all the facts necessary to bring the corporation within the provisions of the statute.

In an action against a railroad corporation for causing the death of the plaintiff's cow, which had escaped from his pasture, the fact that the plaintiff's wife was the only person

who saw and knew the circumstances of the escape does not render her a competent witness under the provision of the St. of 1865, *c.* 207, § 2, admitting a married woman to testify when the contract or cause of action in issue was made or transacted with her in the absence of her husband.

TORT for killing the plaintiff's cow. At the trial in the superior court, before *Reed*, J., it appeared that the plaintiff's pasture bordered on the defendants' railroad, and there was evidence tending to show that the cow escaped from the pasture to the railroad, and was there killed by a locomotive engine of the defendants.

The plaintiff put in evidence tending to show that " the defendants were engaged in constructing their road since May 16, 1846," the date when the St. of 1846, *c.* 271, § 3, requiring railroad corporations to erect and maintain fences on their road, went into effect, " having begun to construct the same before that date," and contended that the defendants were bound to construct and maintain the fence on the line of their road adjoining the plaintiff's land. The judge ruled " that if the defendants' road was located and the construction thereof commenced before May 16, 1846, the St. of 1846, *c.* 271, § 3, did not apply to the defendants, and that the burden was upon the plaintiff to show all the facts necessary to bring the defendants within the provisions of that statute in this behalf."

The plaintiff offered the testimony of his wife as to the circumstances under which the cow escaped from the pasture to the road of the defendants, she being the only person who saw and knew the facts attending the escape; but her testimony was excluded.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*T. G. Kent*, for the plaintiff.

*F. P. Goulding*, for the defendants.

CHAPMAN, C. J. By our earlier railroad acts, the companies were not required to construct or maintain fences along the line of their roads, but the cost of fencing was included in the damages recovered by landowners. By the St. of 1841, *c.* 125, authority was given to county commissioners, upon petition, to

require the companies to make and maintain the fences. The St. of 1846, *c.* 271, § 3, requires that every railroad corporation shall erect and maintain suitable fences, with bars, &c., at such places as may reasonably be required, upon both sides of the entire length of any railroad which they may hereafter construct, with certain specified exceptions. In *Stearns* v. *Old Colony &* *Fall River Railroad Co.* 1 Allen, 493, it was held that this statute did not apply to roads which were located and partially graded, but not completed. In such cases the landowner had had a right to have the expense of fencing included in the price of his land by virtue of the existing law, and it could not have been the intent of the statute to require the corporation to pay for the expense of fencing, and then to make and maintain the fences.

The ruling of the court in this case was, that, if the defendants' road was located, and the construction thereof commenced. before May 16, 1846, which was the day when the St. of 1846, *c.* 271, took effect, that statute did not apply to it. A location perfected by being filed with the county commissioners must have been intended; for until such filing, the instrument remains in the hands of the company, and is subject to alteration by them, and cannot be regarded as a complete and valid location. And the landowner is entitled to have his damages assessed as of that day, that being the time when the land is taken, and the act of filing being the act of taking. *Charlestown Branch Railroad Co.* v. *County Commissioners*, 7 Met. 78. If it was thus filed before the statute took effect, the plaintiff was entitled to recover of the defendants for the expense of making and maintaining the fence. Consequently they were not bound to make or maintain it, and his cow did not escape from his lot by reason of their fault. This would be so, unless there had been an order of the county commissioners requiring the company to make and maintain the fence, and the burden would be on the plaintiff to prove such order. The ruling was correct.

The facts alleged did not make the plaintiff's wife a competent witness. She was offered because it was alleged that she was the only person who saw and knew the facts attending the

escape of the plaintiff's cow from his lot. By the St. of 1865 *c.* 207, § 2, she may be a witness whenever the contract or cause of action in issue and on trial was made or transacted with her in the absence of her husband. She was rightly excluded; because the terms of the statute did not include such a case as this. *Bliss* v. *Franklin*, 13 Allen, 244.

*Exceptions overruled.*