BARTHOLOMEW DONNELLY *vs.* BOSTON AND MAINE
RAILROAD.

Middlesex.    January 9, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Private Railroad Crossing — Invitation to Public — Due Care of
Person injured.*

A railroad ran northerly and southerly at a point where a public road came down to a station on the west side of the track. A chemical company had its works on the east side, surrounded by a fence, in which opposite the road was a gate with a lock, marked "No Admittance," and maintained a crossing between the gate and the road for the convenience of its own business, by the license of the railroad company. There was a public way near by leading from the road over the track to the works. A person found the gate open, and drove over the crossing through the gate to carry a friend to the works, and was returning by the same way just as a train, which he knew was to be expected, approached crossing on time. His view towards the train was obstructed by cars r by the chemical company on a side track provided for the use of the wo⸱ instead of stopping, he drove upon the crossing and was struck by        ⸱ and injured. *Held*, in an action against the railroad company for suc⸱        s, that there was no evidence of any invitation or license by the defend        ⸲he plaintiff to use the crossing, or of the plaintiff's exercise of due care

HOLMES, J.    This is an action for running down and injuring the plaintiff while crossing the defendant's track. At the point in question, a public road came down to the defendant's station on the west side of the track. On the east side were the Merrimac Chemical Works, surrounded by a fence, in which, opposite the

road, was a gate with a lock, and marked "No Admittance." The chemical company maintained a crossing between the gate and the road for the convenience of its own business, by the license of the defendant.  We must take it that both the defendant and the plaintiff knew of the sign on the gate.  They also knew that there was a public way leading to the chemical works by an overhead bridge at a little distance.  The plaintiff testified that he found the gate open, and drove through it in order to carry a friend to the chemical works, and he was returning from them by the same way at the time of the accident. He was run down in the daytime by the twelve o'clock train, which was on time, and which he knew was to be expected about the time when he tried to cross.  His view was obstructed by cars on a track laid for the use of the chemical works, which had been placed where they were by the chemical company; but he did not stop.

The facts disclose no invitation or license by the defendant to the plaintiff.  The plaintiff's rights at most were only those of a member of the public having business with the chemical works. But the prepared crossing maintained by the chemical company did not import an invitation, or even a license, by any one to any part of the public, because it ended on a gate which warned the public that they could not enter, thus plainly showing that the license was confined to the chemical works.  There was no evidence of any use of the crossing by the public known to the defendant, or so general that the defendant might be presumed to have known it.  The defendant, therefore, was not bound to anticipate the plaintiff's being where he was, and owed him no duty to look out for him, or to take precautions against the chance of his being there.  There is no suggestion that it was negligent after it knew that the plaintiff was on the track.  *Wright v. Boston & Albany Railroad*, 142 Mass. 296.  See *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 373; *Hanks* v. *Boston & Albany Railroad*, 147 Mass. 495, 496; *Reardon* v. *Thompson*, 149 Mass. 267; *Philadelphia & Reading Railroad* v. *Hummell*, 44 Penn. St. 375, 379.

Even if the plaintiff had not been upon the track without right, he shows no excuse for not ascertaining that the train was coming.  He knew that it was to be expected.  He had

not been induced by the defendant to suppose that the place was one where he had a right to expect to hear a bell or whistle by the Pub. Sts. c. 112, § 163. The fact that the chemical company's cars obstructed his view did not exonerate him from all duty to investigate. The cars were not moving so as to give him a view of the track before he reached it, as in *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137, 143, a case in which the court express their inability to see how the accident could have happened without some want of proper care on the plaintiff's part. There were none of the difficulties in the way of discovering the truth which existed in *Pearce* v. *Humphreys*, 34 Fed. Rep. 282, 285, and we are not called on to consider the New York cases there cited. A very little care would have shown the plaintiff the danger. *Fletcher* v. *Fitchburg Railroad*, 149 Mass. 127. *Bancroft* v. *Boston & Worcester Railroad*, 97 Mass. 275.

*Exceptions overruled.*

*W. P. Harding*, for the plaintiff.
*A. A. Strout & W. H. Coolidge*, for the defendant.