ALFRID JOHANSON. *vs.* BOSTON AND MAINE RAILROAD.
DAVID FLEMING *vs.* SAME.

Suffolk.  November 11, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Grade Crossing of Railroad — Highway by Prescription — Statutory Signals — Contributory Negligence.*

At the trial of an action against a railroad company for running over and killing children, eleven and ten years old respectively, at a grade crossing without

gates or sign-boards, there was evidence that the crossing had been planked between the tracks and used by the public openly and continuously for more than twenty years; that the children looked when near the track, but the train, running at the rate of forty miles an hour, was concealed from sight by a nearer train going the other way; and that a flagman on the crossing stood facing the children, and, without waving his flag, was talking to some girls. One witness testified that he heard no noise made by the engine before the children were struck; and another, that he heard three sharp whistles just as they were struck, but heard no whistle before this. *Held,* that there was evidence that the crossing was a highway by prescription; that neither was the bell rung nor the whistle sounded within the Pub. Sts. c. 112, § 163, and that the children were invited upon the track; and that the case was for the jury.

FOUR ACTIONS OF TORT. Two cases were brought by each plaintiff, as administrator, for causing the death of his child at a crossing of the defendant's railroad in Malden, and the other two cases were brought by each individually for the loss of the services of the children, and for their funeral expenses, respectively. The cases were tried together in the Superior Court, before *Barker,* J., who directed a verdict in each case for the defendant, and allowed a bill of exceptions, the substance of which appears in the opinion.

*C. G. Fall & G. D. Burrage,* for the plaintiffs.

*S. Lincoln,* for the defendant.

HOLMES, J. These were actions brought for causing the death of the plaintiffs' children respectively. Two of them were brought by the plaintiffs on their own behalf, for loss of the services of the deceased; but it being admitted that the children were killed instantly, the court below ruled that the actions could not be maintained, and the exceptions to this ruling are waived. The other two actions were brought by the plaintiffs as administrators of their sons. At the close of the plaintiffs' evidence, the court ruled that these actions also could not be maintained; and the plaintiffs excepted.

The accident took place at a crossing of the railroad track by Adams Street, Malden. The first question raised is whether the so called street was a highway, town way, or travelled place, within the Pub. Sts. c. 112, §§ 163–165, so as to make the defendant liable to an action under § 213 of that chapter, if it failed to give the warnings required.

We are of opinion that there was evidence for the jury that the crossing was a highway by prescription. There was

testimony that there was planking between the tracks, that for more than twenty years the crossing had been in the same condition, and had been open to the public, as it is now, and that it had been used continuously by the public for that time, just as it is now, — that is, as we understand it, in the same way, and to the same extent. Evidence also was offered, and rejected, — in view of the foregoing testimony, we do not quite see why, — that the use by the public for a long time before the accident had averaged from three thousand to five thousand travellers a day. The jury would have been warranted in finding that the use of the crossing was adverse. *Weld* v. *Brooks*, 152 Mass. 297. *Fitchburg Railroad* v. *Page*, 131 Mass. 391. *White* v. *Chapin*, 12 Allen, 516, 519.

Next, we cannot say that there was no evidence, slight as the evidence was, that the defendant failed to ring its bell or sound its whistle. One witness testified that he heard no noise made by the engine before the children were struck; another, that he heard three sharp whistles just as the boys were struck, but heard no whistle before those. This went further than the testimony in *Tully* v. *Fitchburg Railroad*, 134 Mass. 499, 502, that the witness did not remember whether he heard a whistle or not. The witnesses said that they remembered that they did not hear it. *Dublin, Wicklow, & Wexford Railway* v. *Slattery*, 3 App. Cas. 1155, 1164, 1165. See *Menard* v. *Boston & Maine Railroad*, 150 Mass. 386. There was evidence that there were no gates and no sign-boards at the crossing; also, that the train went by at the rate of forty miles an hour. If there was no bell rung nor whistle sounded, it might have been found that the omission contributed to the injury. *Doyle* v. *Boston & Albany Railroad*, 145 Mass. 386.

Finally, we cannot say that it appears incontrovertibly that the children were guilty of gross negligence. It seems that they were eleven and ten years old respectively, and so short that a fence on the side of Adams Street made it impossible for them to see the train until they were very near the track. There was evidence that they looked. Whether they could have done so without seeing the train, we do not consider. There was evidence that the train which killed them was covered from their sight by the end of a nearer train going the other way. *Mayo*

v. *Boston & Maine Railroad,* 104 Mass. 137. This and the alleged silence of the bell and whistle were circumstances to be considered in connection with what follows, although by themselves probably they would not have excused the children from using their eyes as far as possible. *Fletcher* v. *Fitchburg Railroad,* 149 Mass. 127, 132. *Donnelly* v. *Boston & Maine Railroad,* 151 Mass. 210, 212. There was a flagman on the crossing, and there was testimony that he was not waving his flag, but stood facing the children and talking to some girls. It might have been found that his attitude conveyed an assurance that it was safe to cross, and an invitation to do so. If so, there was a case for the jury. *Bayley* v. *Eastern Railroad,* 125 Mass. 62, 64, 65. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368.

*Exceptions sustained.*