### WILLIAM BYRNES *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    January 7, 1902. — May 20, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Railroad*, Duty to fence.   *Negligence*, Mere licensees.

The statutory obligation of a railroad to fence, imposed by Pub. Sts. c. 112, § 115, amended by St. 1882, c. 162, is an obligation not to travellers but only to adjoining owners.

A railroad company is under no obligation to maintain a fence between its tracks and its freight yard or between its freight yard and an adjoining street.

Persons crossing an unfenced railroad freight yard between two intersecting streets, in order to make a short cut, are at most mere licensees, and the railroad company owes them no duty except not to injure them wilfully or recklessly.

TORT by an infant by his father and next friend for personal injuries.    Writ dated December 8, 1890.

In the Superior Court the case was tried before *Lilley*, J., who ordered a verdict for the defendant.    Later, *Lilley*, J. having resigned, the case was reported by *Bell*, J. for the consideration of this court.    If the ruling of the judge ordering a verdict for the defendant was correct, judgment was to be entered on the verdict; otherwise, the case was to stand for trial.

*J. W. Allen*, for the plaintiff.

*J. Abbott*, (*S. Lincoln* with him,) for the defendant.

LATHROP, J.    The plaintiff, a boy eight years of age, was injured while attempting to cross the tracks of the defendant's road.    The accident took place between six and seven o'clock in the evening of July 16, 1889.    At that time the defendant's road crossed at grade, and, at their intersection, two highways in Chelsea, called Sixth Street and Arlington Street.    East of the crossing was the passenger station of the defendant; and west of the crossing the land between the intersecting streets was divided by the tracks into two triangular parts.    The northerly portion between the tracks and Sixth Street was occupied and used by the defendant as a freight yard.    The southerly portion between the tracks and Arlington Street was occupied as a granite yard.    In the freight yard, near the line of the tracks, were two posts, one a gate post near the crossing and the other a telegraph post sixty feet from the crossing.    The plaintiff with other boys, for the purpose of making a short cut, left Sixth Street before reaching the crossing, and entered the freight yard of the defendant intending to cross the tracks and pass through the granite yard to Arlington Street.    In crossing the tracks about eighteen feet from the gate post the plaintiff stumbled and fell, and one foot was cut off by a passing train, which he knew nothing of until it struck him.    It appeared that there was no fence between the freight yard and the tracks, nor between the freight yard and Sixth Street.

The plaintiff contends that it was the duty of the railroad, under the Pub. Sts. c. 112, § 115, as amended by the St. of 1882, c. 162, to have had a fence between its freight yard and its tracks; and that the omission to comply with the statute is evi-

dence of negligence. The object of the statute is expressed to be " to prevent the entrance of cattle upon the road "; and cases that have arisen under it are all cases of this kind. *Rogers* v. *Newburyport Railroad*, 1 Allen, 16. *Eames* v. *Salem & Lowell Railroad*, 98 Mass. 560. *Baxter* v. *Boston & Worcester Railroad*, 102 Mass. 383. *Eames* v. *Worcester & Nashua Railroad*, 105 Mass. 193. *Keliher* v. *Connecticut River Railroad*, 107 Mass. 411.

But the omission to fence does not render a railroad company liable except as against adjoining owners; and if a horse escapes from the highway on to an unfenced lot and thence to the railroad, where it is injured, the owner cannot recover unless there was reckless or wanton misconduct on the part of those in charge of the train. *Maynard* v. *Boston & Maine Railroad*, 115 Mass. 458. *McDonnell* v. *Pittsfield & North Adams Railroad*, 115 Mass. 564. *Darling* v. *Boston & Albany Railroad*, 121 Mass. 118.

We find nothing in the statute or in our cases which requires a railroad corporation to have a fence between its own tracks and its freight yard; and it is clear that it was not bound to have a fence between its yard and the street.

There is nothing in the case to show that the defendant maintained or constructed a way across its freight yard, which the public was invited to use. The most that can be said on the evidence is that people were in the habit of crossing the yard in order to make a short cut. All doing so were at most mere licensees, to whom the defendant owed no duty except not to injure them wilfully or recklessly. As there is no evidence of any wilful or reckless misconduct on the part of the defendant, the ruling that the action could not be maintained was right. *Wright* v. *Boston & Albany Railroad*, 142 Mass. 296. *Donnelly* v. *Boston & Maine Railroad*, 151 Mass. 210. *Chenery* v. *Fitchburg Railroad*, 160 Mass. 211. *Brayden* v. *New York, New Haven, & Hartford Railroad*, 172 Mass. 225.

*Judgment for the defendant.*