FRANK F. GERRY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk. November 19, 1906. — January 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Railroad.*

In an action against a railroad company for injuries to the plaintiff's horse caused by his being frightened by a freight train of the defendant when standing near the track as the train approached, it is no evidence of negligence on the part of the defendant that the train was running faster than was allowed by the regulations approved by the railroad commissioners, even if the rate of speed had anything to do with the accident, as such regulations are made for the safety of the trains and in no way affect the duty of the railroad company toward the owner of the horse.

In an action against a railroad company for injuries to the plaintiff's horse caused by his being frightened by a freight train of the defendant when standing near the track as the train approached, the fact that the train made a noise is no evidence of negligence on the part of the defendant, if it does not appear that the train made any more noise than reasonably might be expected of such a train or that the noise that was made was due to any negligent act.

R. L. c. 111, § 120, requiring a railroad company to erect and maintain suitable fences upon both sides of its railroad, is intended only for the protection of the owners of adjoining lands, and imposes no duty on a railroad company to enclose any part of a freight yard so as to protect horses standing near its tracks from being frightened by freight trains.

TORT for the loss of the plaintiff's horse and for personal injuries alleged to have been caused by the negligence of the servants of the defendant. Writ dated July 2, 1903.

In .the. Superior Court the case was tried before *Richardson,* J., who at the close of the plaintiff's evidence ordered a verdict for the defendant, and reported the case for determination by this court. If the ruling was correct the verdict was to stand; otherwise, judgment was to be entered for the plaintiff for $200 damages and costs.

From the report it appeared that the accident happened on April 7, 1903, at South Sudbury. The plaintiff had come out from Boston on the train reaching South Sudbury at half past twelve o'clock and his wife was there to meet him with the horse and a Concord top buggy. The plaintiff described the accident as follows:

" I had some freight in the station in bags.. I went into the passenger station to pay the freight and asked my wife to drive around to the freight station which she did. After paying the freight I went over to the freight house and took the truck and carried one bag. out to the platform and went in for the other. I think I had just got the other bag on the truck, or was putting it on, when I heard this train coming, and it sounded as if it was coming very fast, and I knew my wife was out at the side of the track, and I rushed out immediately and took hold of the horse's bit. The noise I heard sounded like a rapidly approaching train, and if my horse had been farther away from the track possibly I shouldn't have thought of getting hold of him so quick, but I knew he was close to the track and I went to lead him away. When I first heard the noise I was inside of the door, perhaps twenty feet from the horse, and just as I got hold of him or about that time — it all happened very suddenly — the train struck the junction, and the engineer whistled and I really didn't have time to turn the horse, get him pointed away from the train: he was then pointed south, the same direction the train was going so that the train came up partially behind him. The train was going very rapidly and made a very loud noise, and the horse began to get more frightened every moment; I exerted all my strength to hold him and he kept dragging me closer to the train and finally when I was very close to it I didn't dare to hold him any longer, and let go and he reared up and went into the train. The train struck him and broke his leg and his jaw. I think that day there

were two or three piles of sleepers which had been taken out of the track and when I jumped back I fell over them in some way and sprained my ankle very badly. My wife was in the carriage all this time."

The train that frightened the plaintiff's horse as above described was a freight train. The plaintiff further testified:

"It could have been but a very few seconds from the time I first heard the noise of the on-coming train until I reached the horse. The train as I remember it seemed to be a very long train, and even going at the rate of speed it was it took quite a while to get by, or so it seemed to me at the time. I didn't count the cars but it was a very long train."

*J. O. Teele*, for the plaintiff.

*J. L. Hall*, for the defendant.

HAMMOND, J. Whatever may be thought of the conduct of the plaintiff in leaving his horse at a place immediately adjoining the railroad track, where he must have known that trains might approach at any time, when he might have selected a safer place, we think that the ruling that the plaintiff could not recover should stand upon the ground that the accident is not shown to have been due to any negligence of the defendant.

The plaintiff seems to rely upon the speed of the train as showing negligence, but it is not shown that the speed as such was unusual. If it be contended that it was faster than allowed by the regulations approved by the railroad commissioners and that this fact of itself is evidence of negligence, the answer is that these regulations were made for the safety of the trains and they in no respect altered or affected the duty owed to one in the situation of the plaintiff. Moreover it is the merest conjecture whether the speed of the train had anything whatever to do with the accident. The plaintiff also complains of the noise of the train, but trains always make noise, and there is no evidence that this train made any more noise than may be reasonably expected of such a train, much less that the noise was due to any negligent act of the defendant.

As to the contention of the plaintiff that he had the right to go to the jury on the question of the negligence of the defendant in the matter of fences and barriers, the answer is that in so far as this contention is based upon the statute requiring fences

and barriers to be put up along the line of the railroad, the statute was intended only for the protection of adjoining owners; Pub. Sts. c. 112, § 115; R. L. c. 111, § 120; *Byrnes* v. *Boston & Maine Railroad,* 181 Mass. 322, and cases there cited; and in so far as it rests upon other grounds there is no evidence of negligence. Such an arrangement of track and freight yards is of common occurrence in the country.

*Judgment on the verdict.*