CHARLES BISCHOF, Admr., Appellant, *vs.* THE ILLINOIS SOUTHERN RAILWAY COMPANY, Appellee.

*Opinion filed February 20, 1908.*

1. RAILROADS—*duty to fence right of way is not optional, but absolute.* The duty of a railroad company to erect and maintain fences suitable and sufficient to keep stock off the track, as required by section 1 of the act relating to the fencing and operation of railroads, is not one which the company may disregard if it elects, instead, to assume liability for stock killed, but is absolute, since employees and passengers are entitled to protection against stock being on the track.

2. SAME—*company is not required to build fences such as will keep small children off the track.* Section 1 of the act relating to the fencing and operation of railroads, which requires a railroad company to erect and maintain fences on both sides of its road suitable and sufficient to prevent stock from getting on the track, does not require it to build and maintain fences which will prevent children of such tender years that negligence is not imputable to them from going upon the track.

3. SAME—*company's liability for death of a small child cannot rest upon non-compliance with statutory duty to build stock fences.* The liability of a railroad company for the death of a small child who strayed upon the company's tracks from a parallel highway, which was not fenced off from the tracks, cannot rest upon a failure to comply with section 1 of the act relating to the fencing and operation of railroads, requiring fences to be erected and maintained suitable to keep stock off the track.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Randolph county; the Hon. B. R. BURROUGHS, Judge, presiding.

A. E. Crisler, for appellant:

Section 62 of chapter 114, Hurd's Statutes, imposes an absolute duty on railroad companies to erect and maintain fences on both sides of their rights of way. *Railway Co.* v. *Williams,* 172 Ill. 379.

Where the duty of railroad companies to erect and maintain fences is made absolute by statute, if a child to whom negligence is not imputable by reason of his tender years, goes upon a railroad track in consequence of the failure of the railroad company to fence the same as required by statute, and is killed by an engine, the parents of the child exercising at the time ordinary care and prudence, the railroad is liable. 23 Am. & Eng. Ency. of Law, (2d ed.) 734; *Schmidt* v. *Railway Co.* 23 Wis. 186; *Schrier* v. *Railway Co.* 64 id. 475; *Stuettgen* v. *Railway Co.* 80 id. 498; *Wickham* v. *Railway Co.* 95 id. 23; *Isabel* v. *Railway Co.* 60 Mo. 475, and 124 id. 140; *Keyser* v. *Railway Co.* 66 Mich. 390; *Rosse* v. *Railway Co.* 68 Minn. 216; *Slonike* v. *Railway Co.* 76 id. 306; *Nickolson* v. *Railway Co.* 80 id. 508; *Matts* v. *Railway Co.* 104 N. W. Rep. 234; *Ellington* v. *Railway Co.* id. 827; *Railway Co.* v. *Grablin,* 56 id. 796; *Donegan* v. *Erhard,* 119 N. Y. 472; *Railway Co.* v. *McDonald,* 152 U. S. 262.

The language of the statute, "suitable and sufficient to prevent cattle, horses, sheep, hogs, and other stock from getting on such railroad," is simply descriptive of the sufficiency of the structure to furnish the required protection. *Keyser* v. *Railway Co.* 66 Mich. 390.

The Illinois statute requiring railroad companies to fence is not limited in application to the killing of stock by the engines and cars. *Railway Co.* v. *Williams,* 172 Ill. 379; *Railway Co.* v. *Hayes,* 111 U. S. 228.

A railroad company, or other corporation or person, is liable for injuries caused by a willful failure to comply with the law, although the law violated may not have been especially designed to prevent the particular class of injuries

complained of. *Railway Co.* v. *Williams,* 172 Ill. 379; *Coal Co.* v. *Hayes,* 215 id. 625; *True & True Co.* v. *Woda,* 201 id. 315.

R. J. GODDARD, and W. M. SCHUWERK, (E. C. RITSHER, and W. T. ABBOTT, of counsel,) for appellee:

The Illinois act relating to fencing and operating railroads does not impose the absolute duty on railroad companies to erect and maintain fences on both sides of their rights of way, but leaves it optional with railway companies either to construct or maintain such fences or be liable for damages which may result "to such cattle, horses, sheep, hogs or other stock thereon, and reasonable attorney fees." Hurd's Stat. chap. 114, sec. 62.

Fences and cattle-guards are not for the purpose of keeping persons off the railroad, but only stock and domestic animals. The legislature has not required the impossible from railroad companies in this regard. *Railway Co.* v. *Ludtke,* 33 Am. & Eng. Ry. Cas. 682.

A railroad company is not required by statute to fence its track for protection against personal injuries. *Rabidon* v. *Railway Co.* 39 L. R. A. 405.

Fences are required to protect animals—not rational and intelligent beings. *Nolin* v. *Railroad Co.* 25 Am. & Eng. Ry. Cas. 342.

A railroad company cannot be held liable under a statute subjecting it to a certain liability for failing to fence its road, for an injury to an infant child caused by the absence of such fence. *Morrissey* v. *Railroad Co.* 3 Atl. Rep. 10.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this action on the case in the circuit court of Randolph county as administrator of the estate of his son, Herman Otto Bischof, a child six years old, who

went upon the track of appellee, not at a public crossing, and was killed, alleging as ground of liability for the damages occasioned by the death of the child a failure to comply with the statute which requires railroad corporations to fence their tracks. The circuit court sustained a demurrer to the declaration and entered judgment in favor of appellee. The Appellate Court for the Fourth District affirmed the judgment.

The facts alleged in the declaration and admitted by the demurrer are, that on the north-east side of the defendant's railroad, between stations Fort Gage and Menard, and parallel with the railroad, there was a public highway; that it was the duty of the defendant, under the statute, to erect and maintain fences on each side of its railroad; that the defendant did not erect and maintain a fence on either side of its railroad; that the deceased was of the age of six years and two months and too young to exercise due care and caution for his own safety; that he was sent by his mother, in company with his brother, aged eight years, on an errand along said highway; that because of the want of a fence he wandered upon the railroad track and was struck by a locomotive and killed; that his parents were exercising ordinary care for his safety, and that he left surviving him his father (the plaintiff) and his mother and brother.

The only question presented by the record or argued by counsel is whether section 1 of an act in relation to fencing and operating railroads, in force July 1, 1874, imposes upon railroad corporations the duty of erecting and maintaining fences which will prevent children of such tender years that negligence is not imputable to them, from going upon the track. It is insisted by counsel for appellant that a railroad corporation is liable, by virtue of that statute, for an injury to a child of such tender years as to be incapable of exercising care for its own safety who goes upon the track by reason of there being no fence. The requirement of the statute is, that the railroad corporation shall erect and main-

tain fences on both sides of its road suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting on its railroad, and it makes the corporation liable, when such fences are not made or kept in good repair, for all damages which may be done by the agents, engines or cars of such corporation to such cattle, horses, hogs or other stock thereon, and reasonable attorney's fees in any court wherein suit is brought for such damages or to which the same may be appealed. Counsel for appellee contend that the statute merely gives to a railroad corporation an option to fence its right of way, or not, as it may choose, and to assume liability for killing stock if it chooses not to build the fence. Their position is, that the statute means no more nor less than that the corporation may, at its election, construct fences, or, in the event of failing to do so, become liable for damages to stock. We cannot assent to that proposition and held the contrary in *Terre Haute and Indianapolis Railway Co.* v. *Williams,* 172 Ill. 379. In that case the railroad company was held liable for the death of its engineer on account of the absence of a fence, which permitted cattle to stray on the track and to cause the engine to be thrown therefrom. It was there said, that while the statute was primarily intended for the benefit of owners of stock, it was also intended for the benefit of passengers and employees, who were entitled to be protected from obstructions likely to be upon the track where it is not properly fenced.

The duty to erect a fence suitable and sufficient to keep stock off from the railroad track is absolute, and if that duty is not fulfilled the passengers and employees may recover damages occasioned by stock being on the track. The statute, however, does not require a railroad corporation to erect or maintain a fence suitable or sufficient to prevent persons of any age or degree of intelligence from going upon the track. The statutes of the different States vary somewhat, but no court has ever considered that any of

them required a corporation to fence against persons who were capable of caring for their own safety or had sufficient age and discretion to understand the dangers attending upon going on a railroad track.  So far as railroad corporations have ever been held liable, it has been in the case of children of tender years incapable of caring for their own safety.  The natural disposition of courts in such cases would be to broaden the statute as much as possible, in view of the fact that the law is more solicitous for the protection of human life than property, and if the language employed by the legislature would permit, it would be assumed that it was not the intention to give protection against injury to animals and deny it to infant children.  In Wisconsin the statute makes the railroad corporation liable for damages done to persons, as well as animals, until the fences are duly made, and as the legislature, in requiring fences to be built, had in view the protection of persons as well as property, the corporations have been held liable in cases like this one. (*Schmidt* v. *Milwaukee and St. Paul Railroad Co.* 23 Wis. 186; *Stuettgen* v. *Wisconsin Central Railway Co.* 80 id. 498.)   In Michigan the statute provides that every railroad company shall erect and maintain in effective condition of repair, fences on each side of the right of way, four and one-half feet high and of the specified character, and a railroad company was held liable for injury to a child arising from failure to build that kind of a fence.  (*Keyser* v. *Chicago, etc. Railway Co.* 66 Mich. 390.)   There have been similar decisions in Nebraska, Missouri and Minnesota. (*Chicago, Burlington and Quincy Railroad Co.* v. *Grablin,* 38 Neb. 90; *Isabel* v. *Hannibal and St. Joe Railroad Co.* 60 Mo. 475; *Nickolson* v. *Railway Co.* 80 Minn. 508.)  The contrary doctrine is held in Indiana, (*Baltimore and Southwestern Railroad Co.* v. *Bradford,* 49 N. E. Rep. 398,) where a child two years old wandered upon the railroad track where the company had suffered the fence to become out of repair and torn down to the ground, so as to offer

no obstruction to the child. The opinion of the court was, that the liability of the company, under the statute, for failing to fence was to be determined by the act itself, and that no fence which would be sufficient to turn cattle, horses, sheep and hogs would offer much of an obstacle to a person, although quite young. It was considered that the statute did not require the company to erect a fence which would keep children off the track. The Supreme Court of Ohio, in the case of *Lake Shore and Michigan Southern Railway Co.* v. *Ludtke,* 69 N. E. Rep. 653, held that the Ohio statute requiring railroad companies to fence against stock did not require them to fence against persons, and that the company was not liable for an injury to a boy six years old who strayed upon the track through a defective and insufficient fence. The court took the same view adopted by this court in the *Williams case, supra,* that the fence might be defective and by reason thereof stock get upon the railroad and cause damage to person or property, or both, and for such damages the railroad company would be liable, but held that the fences required by the statute were not for the purpose of keeping persons off the railroad. In 3 Elliott on Railroads (sec. 1190) it is said that where a child not *sui juris* goes upon a railroad track because it is not properly fenced, and is injured, the company has been held liable upon the ground that it is as much the duty of the company to fence against children as against animals, but that this doctrine should be very carefully limited and applied. The reason there suggested for requiring fences against animals is that they are not possessed of intelligence sufficient to enable them to avoid injury, which proposition seems to us somewhat doubtful since the protection is extended to the owner, but it is there said that on a somewhat similar reason is based the duty of a railroad company to fence its track against children.

It seems to us that the question must be determined by what the legislature have said, and while the common law

is more solicitous for the protection of human life than property, the extent of the solicitude of the legislature must be determined by the language of the statute. No question of a common law duty is involved in this case, and if there is a liability on the part of a railroad company in maintaining its premises in such condition that children are likely to stray upon the track and suffer injury, that question is not involved in this case. The legislature fixes the standard of duty and declares the liability, and that standard is the erection and maintenance of a fence suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting on the railroad. Manifestly, that requirement furnishes no standard for a fence which will keep children off. Judge Thompson, in his work on Negligence, (vol. 2, sec. 1807,) substantially expresses that view by saying: "A statute in terms requiring railway companies to protect their tracks with fences suitable to prevent 'cattle * * * and other stock' from getting thereon, and making them liable for all damages done to such cattle or other stock in case of a failure so to fence, does not, of course, extend to the protection of children straying upon a railway track." The purpose of the statute is to fix a conclusive liability upon a railroad corporation for a failure to erect a fence sufficient to keep stock off the track and to authorize a recovery for damages resulting from such failure, together with attorney's fees; but we are unable to discover any valid ground upon which it can be said that a requirement to build a fence suitable and sufficient to turn stock imposes the duty to build a fence suitable and sufficient to prevent persons from trespassing on the track, although such persons may be of tender years. There is neither anything in the statute relating to persons or to classes of persons, nor anything from which we can gather an intention of the legislature that the fence should be sufficient to keep children off the track. It may well be that the legislature made no provision that railroad corporations should fence against persons

for the reason stated by the Supreme Court of Ohio in the *Ludtke case, supra,* that it would be substantially impossible for a railroad company to construct a fence which would be an effectual barrier even to young boys.

We conclude that the circuit court was right in sustaining the demurrer and the Appellate Court right in affirming the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*