## MARY J. CHENERY *vs.* FITCHBURG RAILROAD COMPANY.

Worcester.    October 6, 1893. — November 29, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Private Way — Due Care — Reasonably Intelligent and Prudent Man — License — Invitation — General Exception to Judge's Charge.*

Use of a railroad crossing by the public, unexplained, cannot be said, as matter of law, to raise a presumption of a license; *quære,* if it is evidence of one.

As against a bare licensee, a railroad company has a right to run its trains in the usual way without special precautions, if the circumstances do not of themselves give warning of his probable presence, and he is not seen until it is too late.

In explaining to the jury, in an action by a woman for personal injuries, what he meant by a reasonably intelligent and prudent man, the judge said that they were not to inquire what conclusion a woman or child would come to with reference to the way where the accident occurred, but that the test was whether an ordinarily intelligent and prudent man would understand that there was an invitation to use the crossing as a public way. *Held,* that, although under a general exception to the charge, no point could be raised, yet, even if the court were to consider it, they should see no error.

HOLMES, J.    This is an action for running down the plaintiff at a point on the defendant's track where it is crossed by a private way, along which she was travelling. The plaintiff asked for an instruction to the effect that, if people were in the habit of using the crossing and the defendant had made no objection, the plaintiff was not a trespasser, and the defendant was bound to use reasonable care to protect her. The judge refused this, but instructed the jury, in substance, that if, taking the whole condition of things into account, the physical condition of the crossing, the width of it, the extent to which it was travelled, etc., a reasonably intelligent and prudent man would have understood that the defendant by implication declared that the crossing was public, and that he, as a member of the public, might pass over it, the defendant was bound to do what was reasonable and necessary to do in order to protect an ordinarily intelligent and prudent man who was rightfully there. The plaintiff excepted to the refusal to rule as requested, and excepted in a general way at the end of the charge.

The general exception to the charge adds nothing to the

exception to the refusal to rule as requested, except perhaps to make explicit an implied exception to rulings inconsistent with the one requested; and it seems doubtful whether the refusal of the plaintiff's request was understood at the time to be more than a refusal to adopt the precise form of words, or to indicate a difference of view upon the criteria of liability. However, there is a difference between the two rules as stated, although no attention was drawn to it.

The ruling asked for lays it down, as matter of law, that, if people are accustomed to cross a railroad track at a certain place, and the company makes no objection, this imports a license from the company, and that such a license imposes a duty to use reasonable care to protect the crossers. But even if we are to assume the use of the crossing to be with knowledge of the company, it seems a strong thing to say that the very state of facts which, if continued twenty years, would create a right of way, on the presumption that the user was adverse, that is, without a license, (*Johanson* v. *Boston & Maine Railroad*, 153 Mass. 57, 59,) shall be presumed, up to the very last moment of the twenty years, to have been with license. We are aware that language has been used in other States which seems to sanction the plaintiff's proposition; (*Barry* v. *New York Central & Hudson River Railroad*, 92 N. Y. 289, 292; *Swift* v. *Staten Island Rapid Transit Railroad*, 123 N. Y. 645, 649; *Taylor* v. *Delaware & Hudson Canal Co.* 113 Penn. St. 162, 175;) but we think it would be going quite as far as is possible if the fact of continuous crossing, standing alone, were allowed to be considered by a jury as evidence of a license. See *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 374. Usually, and in the present case, that fact does not stand alone, but there are other circumstances which will aid in determining whether the use is adverse, and therefore wrongful unless with title, or is permissive. All these facts were left to the jury, including the extent to which the crossing had been travelled, and this was as much as the plaintiff could ask.

If the plaintiff was a trespasser, the defendant was not liable. *McEachern* v. *Boston & Maine Railroad*, 150 Mass. 515. *Morrissey* v. *Eastern Railroad*, 126 Mass. 377. The analogy of spring guns and man traps does not apply. In those cases the

defendant does an act which contemplates the presence of the plaintiff on the spot, and which not only produces its effect after he is there, but is intended to do so. His actual intent makes the defendant the last wrong-doer. He intervenes between the wrongful act of the plaintiff and the result complained of as much as if he had assaulted him in person. But when the act complained of is done with a different intent, such as the ordinary running of its trains by a railroad, the defendant has the right to assume that wrong-doers will not be upon its premises, and will be presumed not to have anticipated them until the fact is shown to have been otherwise. *Hayes* v. *Hyde Park*, 153 Mass. 514.

If the plaintiff was a licensee, and nothing more, her case stands no better. As against a bare licensee, a railroad company has a right to run its trains in the usual way, without special precautions, if the circumstances do not of themselves give warning of his probable presence, and he is not seen until it is too late. *Hanks* v. *Boston & Albany Railroad*, 147 Mass. 495, 496. *June* v. *Boston & Albany Railroad*, 153 Mass. 79, 82.

If the circumstances did give warning of the plaintiff's probable presence, it was because the mode in which the crossing was prepared, coupled with the other facts in evidence, showed an invitation, as that word commonly has been used and understood. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368. *Murphy* v. *Boston & Albany Railroad*, 133 Mass. 121. *Holmes* v. *Drew*, 151 Mass. 578. *Stevens* v. *Nichols*, 155 Mass. 472. *Plummer* v. *Dill*, 156 Mass. 426, 430. The judge instructed the jury mainly with reference to a possible finding that there was such an invitation, although, as we have stated, he also used language importing that the defendant would be liable in case of a license. No attention seems to have been directed to the distinction by any one.

In explaining to the jury what he meant by a reasonably intelligent and prudent man, the judge said that they were not to inquire what conclusion a woman or child would come to with reference to the way, but that the test was whether an ordinarily intelligent and prudent man would understand that there was an invitation to use the crossing as a public way. This expression was selected for criticism in argument, but no

exception was taken to it save the general exception to a charge which fills three quarto pages of print. As we have intimated, such an exception is not enough to raise the point. *Curry* v. *Porter*, 125 Mass. 94. If, however, we were to consider it, we should see no error. Theoretically, at least, there must be a line at which the way in which the face of the earth is prepared will express the owner's assent to its being entered upon, and short of which it will not express such assent. The theory is the same when the facts relied on are more complicated. But as the law is not prepared with an infinite number of plans, pictures, and explanations to meet all possible cases, it has to adopt some short test. What, then, is it fair to require of an owner as against strangers ? If they enter without his license, they are trespassers, however incompetent and wanting in judgment they may be. What must he do to diminish his rights? Clearly, it is not enough that he puts something on his land which may tempt or allure a child or a fool. *Daniels* v. *New York & New England Railroad*, 154 Mass. 349. It must be something which, by a general standard of understanding, gives leave to enter. That standard is the understanding of the ordinarily prudent and intelligent person, not man as against woman, but a person possessed of ordinary intelligence and prudence, as against one who has less than the ordinary. This is what the judge meant, and we think that he was right.

*Exceptions overruled.*

*H. W. King*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.