DANIEL STEWART, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Plymouth. January 20, 1898. — February 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Death — Statute — Highway, Town Way, or Travelled Place — Due Care.*

During the construction necessary to separate the grades of a street and a railroad, the railroad company built for the use of the public a foot bridge, not within the limits of the street, but over that part of its roadbed which had been excavated with an incline down to its easterly track, and planked a way across two of its tracks which led to an opening in the fence on the old location of the railroad, and through this out to the sidewalk on said street. *Held,* that the way was not a highway or town way, or a travelled place, over which a signboard was required to be maintained by Pub. Sts. c. 112, §§ 164, 165.

At the trial of an action for personal injuries occasioned to the plaintiff's intestate by being struck by a train upon the defendant's railroad, there was evidence tending to show that the intestate proceeded without stopping or looking to right or left, but looking down, as if absorbed in deep thought, over a foot bridge which the railroad company had built over a part of its roadbed which had been excavated with an incline down to one of its tracks; that he then stepped from the incline in front of the train and tried to step back as he saw his danger, but was struck and received the injuries from which he died on the following day. *Held,* that there was not sufficient evidence of his due care.

TORT, for personal injuries to the plaintiff's intestate, James Stewart, resulting in death, occasioned by his being struck by a train upon the defendant's railroad. Trial in the Superior Court, before *Wardwell*, J., who, at the close of the evidence for the plaintiff, directed the jury, at the request of the defendant, to return a verdict for the defendant; and the plaintiff alleged exceptions.

*E. F. Leonard*, for the plaintiff.

*H. Kingman*, for the defendant.

FIELD, C. J.   The exceptions recite that the declaration contained three counts, the first under Pub. Sts. c. 112, § 213, and the second and third at common law.   We are of opinion that the exceptions show that this crossing at the time of the accident was not a crossing such as is described in Pub. Sts. c. 112, § 163.   Work was in progress for the purpose of separating the grades of Grove Street and the railroad, according to the report of commissioners appointed by the Superior Court, which had been confirmed on May 5, 1894.   By that report Grove Street was to be carried over the railroad, its grade was to be raised, and that of the railroad lowered.   At the time of the accident Grove Street had been closed up, and a foot bridge had been built by the defendant for the use of the public during the construction necessary to separate the grades.   This bridge was not within the limits of Grove Street.   The defendant had built the bridge over that part of its roadbed which had been excavated with an incline down to its easterly track, and had planked a way across two of its tracks which led to an opening in the fence on the old location of the railroad, and through this out to the sidewalk on Grove Street.   This way was not a highway or town way, or a travelled place, over which a signboard was required to be maintained by Pub. Sts. c. 112, §§ 164, 165.   The action, therefore, cannot be maintained on the first count.   *Coakley* v. *Boston & Maine Railroad*, 159 Mass. 32.

Although the exceptions recite that the second count is at common law, it seems to us to have been intended as a count under the same statutory provisions as the first.   The third count undoubtedly is at common law.   The accident occurred at about one o'clock in the afternoon.   The only evidence of the manner in which the accident occurred is as follows :

" The only witnesses who testified to seeing the accident were two boys fourteen years of age, who had been down to the steam shovel, and coming back got upon the easterly end of said bridge and proceeded westerly thereon until within less than ten feet of the easterly rail of said defendant's track on the incline, where they for the first time saw a train on said track approaching from the north, but did not hear it, and one of the boys testified that he did not see the train until it was at said bridge, and the other that he did not see it until it was within twenty-five feet of the

bridge. They were about to cross the track when they stopped, and while they stood there heard the footsteps of said James Stewart back of them, and looked around and saw him for the first time, and saw him proceed without stopping or looking to right or left, but looking down on the bridge as if absorbed in deep thought, and saw him step from said incline in front of said train and try to step back as he saw his danger, but he was too late, and was struck and received the injuries from which he died the next day, though there was no evidence of conscious suffering.

" That they did not hear any whistle of said engine sounded prior to the accident, and did not hear any bell ring.

" There was a train moving under said bridge at the time of accident, as one said, loaded, and in a northerly direction, the other said it was moving southerly, but that it was making considerable noise."

We assume that, although there was no evidence of conscious suffering, yet as the death was not instantaneous the action can be maintained at common law, if the defendant's negligence caused the injury and the plaintiff's intestate was in the exercise of due care. *Hollenbeck* v. *Berkshire Railroad*, 9 Cush. 478. But we are of opinion that on the count or counts at common law there was not sufficient evidence of due care on the part of the plaintiff's intestate. The presiding justice therefore rightly ordered a verdict for the defendant on all the counts of the declaration. *Fletcher* v. *Fitchburg Railroad*, 149 Mass. 127. *Tully* v. *Fitchburg Railroad*, 134 Mass. 499.

*Exceptions overruled.*