AUGUSTUS O. JONES *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk. March 20, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Way,* Public. *Prescription. Conflict of Laws. Negligence,* Railroad, Licensee.

Where a question at issue at a trial was whether a certain road in Connecticut was a public way by prescription and there was evidence that the law of Connecticut required for the establishment of such a way fifteen years' uninterrupted use, but there was no further evidence of the law of Connecticut as to the nature of such use, it must be presumed that the common law of Connecticut is the same as that of this Commonwealth in requiring that the use should be adverse as well as continuous.

Where in a deed of land to a railroad company the grantor reserved a right of way across the railroad tracks for himself and his successors in title and those having business with him and them, and the way is used by such persons and incidentally by the general public by permission of the grantor and his successors, there is no such adverse use by the general public as is necessary for the creation of a public way by prescription.

Although a way may have been used by the general public adversely to the rights of the owner and for a period sufficient to give rise to a prescriptive right to its use if the use were continuous and uninterrupted, if it appears that the way was wholly within land of a manufacturing corporation which maintained at one end of it a gate which was closed and locked at times, and at the other end at times a chain attached to posts which prevented access to the way, no public way by prescription has been acquired.

A railroad company cannot be found to have invited a member of the general public to use a crossing at grade over its railroad on a private way which was wholly within land of a private owner and was maintained at his expense, if the railroad company did not plank the crossing, made no graded approaches to it and maintained no sign nor flagman there, and it does not appear that any of the railroad company's officers or agents knew that the general public ever used the way. A member of the general public so using the crossing is at most a bare licensee to whom the company owes no duty greater than to refrain from wanton or wilful misconduct toward him.

DeCourcy, J.  This is an action of tort to recover damages for personal injuries sustained by the plaintiff while driving over the tracks of the defendant in that part of the town of Thompson known as Mechanicsville in the State of Connecticut.  The place of the accident was within the premises of the French River Textile Company.  The road upon which the plaintiff was driving led into the lands and buildings of that company and was kept in repair by it, as it had been by its predecessor in title who originally laid it out.  The way never was laid out or accepted by public authorities.

The first contention of the plaintiff is that this road had become a public way by prescription, and that accordingly the provisions of the General Statutes of Connecticut (§ 3787) with reference to sounding bells and whistles at crossings applied.*  Under the laws of that State introduced in evidence, a period of fifteen years' uninterrupted use is necessary in order to acquire such right of way.  (Gen. Sts. Conn. § 1073); and in the absence of anything to the contrary the common law of Connecticut is presumably the same as that of this Commonwealth in requiring the use to be adverse, continued without interruption, and with the acquiescence of the owner.  *Bence* v. *New York, New Haven, & Hartford Railroad,* 181 Mass. 221.  An examination of the testimony discloses no such public prescriptive right.  The way across the tracks was created solely as a private way, for the convenience of the mill owner who conveyed the premises to the defendant's predecessor in title,† and appears to have been used mostly by employees and others having business at the factory.  The use of the crossing by the general public seems to have been merely incidental to an open private way and by permission of its owner, according to the testimony of the only witness whose observation covered the period of fifteen years.

Assuming, however, that there was some evidence for the jury

---

* The statutes related to crossings with "any highway" at grade.

† The language of the deed to the railroad company as to the way was as follows: "The Grantor also reserving to himself, his heirs and assigns, the right to make and maintain at his and their expense such passageway under or over said Railroad as may be necessary or convenient for farming purposes or for the business connected with the factory of the Grantor, his heirs or assigns, and which pass-way shall be so constructed as not to injure or interrupt the business of the said railroad."

that the public use of the way was adverse, the uncontradicted testimony shows that this use was interrupted and not continuous. Upon the Mechanicsville end of the road, across the bridge, was a gate which was closed and locked at times, preventing access to the mill property; and at the West Thompson end was a chain attached to posts wh ch from time to time during the period in question prevented access to the way. Clearly the evidence would not warrant a finding that the way over which the plaintiff was crossing was a public way, and consequently the statutory requirements as to sounding bells and whistles at a highway crossing do not apply. *McCreary* v. *Boston & Maine Railroad,* 153 Mass. 300. *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330. *Aikens* v. *New York, New Haven, & Hartford Railroad,* 188 Mass. 547.

The evidence does not support the contention that the defendant invited the plaintiff to use this crossing. Under the reservation in its deed the railroad company was bound to leave the crossing open for the convenience of the Textile Company and those having business dealings with it. The defendant did not plank the crossing, nor grade its approaches; it maintained no gate or flagman or signs; and did no act which could be construed as an express invitation to the public; and it does not appear that it knew that the crossing was being used by any persons except those who were entitled to do so of right. Nor was there any implied representation by the defendant to the plaintiff that the way was one which might be used with safety, or an inducement to use it as such. The way was laid out entirely within the enclosed premises of the Textile Company and maintained by it; the entrances were guarded by gates and chains; the plaintiff knew that it led directly into the factory yard, and had seen the chain when he entered the Thompson road; everything in sight indicated the true character of the way. When the plaintiff, for his own convenience, undertook to pass through this private way as a short cut between Thompson and Mechanicsville, he was at most a bare licensee and used the premises at his own risk; and as there was no evidence that the defendant was guilty of any wanton or wilful conduct, the trial judge * rightly directed a verdict in its favor. This conclusion renders it unnecessary to consider the

---

* The trial was before *Holmes,* J. After his death, the exceptions were allowed by *Hitchcock,* J.

issue of the plaintiff's due care. *Moffatt* v. *Kenny,* 174 Mass. 311. *Bowler* v. *Pacific Mills,* 200 Mass. 364. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449.

*Exceptions overruled.*

*G. E. Tebbetts,* for the plaintiff.
*J. L. Hall,* for the defendant.