MARY E. SHAW, administratrix, *vs.* LIZBETH D. OGDEN.

Norfolk. March 7, 1913. — May 22, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* In maintenance of private way. *Way,* Private. *Tree.*

If the driver of a covered delivery wagon in passing by implied invitation through a private driveway, which he has used almost daily with the same wagon for about eight months, is thrown from the wagon and injured by reason of the top of the wagon striking an overhanging "big stout limb" of a large tree, conspicuously visible, which only could be hit by the top of the wagon when the wagon was driven at the outside edge of the gutter of the driveway, no action can be maintained by the driver, or by the administrator of his estate, against the person who maintained the tree and invited him to enter the driveway, because, as to this driver at any rate, such person was not negligent in maintaining the branch or in failing to warn him of a possible danger from it.

TORT by the administratrix of the estate of Russell J. Shaw, who was the driver of a delivery wagon, for personal injuries sustained by the plaintiff's intestate on June 6, 1910, and alleged to have been caused by the defendant's negligence in permitting the limb of a tree to hang so low over the driveway of the defendant that it struck the top of the covered wagon in which the plaintiff's intestate was driving and threw him to the ground. Writ dated August 20, 1910.

In the Superior Court the case was tried before *Crosby,* J. The material facts which could have been found upon the evidence

are stated in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for the defendant. This the judge refused to do, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*J. Lowell,* (*J. A. Lowell* with him,) for the defendant.

*L. S. Thierry,* (*J. H. Appleton* with him,) for the plaintiff.

SHELDON, J. The case was submitted to the jury under instructions which do not appear to have been excepted to and which we now must take to have been full and accurate, unless the defendant was entitled to have a verdict ordered in her favor. That is the only point which we have to consider.

The jury had a right to find that the plaintiff's intestate, while in the exercise of due care, was knocked from the seat of his wagon upon the defendant's driveway by the overhanging branch of a tree. He had come upon the premises and was using the driveway of the defendant at her implied invitation. She owed to him the duty of using reasonable care to keep the driveway in a safe condition for him to use, or at least of warning him against any dangers attendant upon its use which were not known to him and which either were known or in the exercise of reasonable care ought to have been known to her. *Elliott* v. *Pray,* 10 Allen, 378. *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216. *Currier* v. *Boston Music Hall,* 135 Mass. 414. *Curtis* v. *Kiley,* 153 Mass. 123. *Garfield & Proctor Coal Co.* v. *Rockland-Rockport Lime Co.* 184 Mass. 60. *Hamilton* v. *Taylor,* 195 Mass. 68. *Marston* v. *Reynolds,* 211 Mass. 590. *Chapman* v. *Rothwell,* El., Bl. & El. 168. *Indermaur* v. *Dames,* L. R. 1 C. P. 274, and 2 C. P. 311. *Marney* v. *Scott,* [1899] 1 Q. B. 986. For the purposes of the case at bar we need not attempt to distinguish between these different duties. See Clerk & Lindsell's Law of Torts, (5th ed.) 498, 499; Salmond on Torts, (3d ed.) 361, 362; and the note to *Indermaur* v. *Dames* in Bohlen's Cases on Torts, 267.

The difficult question is whether there was any evidence of negligence on the part of the defendant in allowing the branch to overhang the driveway or in not warning the intestate of the danger that might arise therefrom. There was no defect in the driveway itself. It was sufficiently wide and well wrought. There was only a narrow space near the outside edge of the gutter where the branch

was near enough to the surface of the ground to reach the top of the wagon driven by the intestate. It is no unusual thing to find trees very near to the edge of a private driveway and overhanging it as this one did. The tree was a large one; the overhanging branch was "a big stout limb," as one of the plaintiff's witnesses described it. Both the tree and the branch were conspicuous objects, not only plain to be seen, but scarcely capable of not being seen by any one using the driveway. The intestate had been using the driveway, with the tree and the branch in the same position, almost daily with the same wagon for some eight months before the happening of the accident, driving immediately under the branch, as the defendant knew. She had a right to believe that he was fully acquainted with the situation and with the risk of going to or near to the very edge of the gutter at this point. Under these circumstances we are of opinion that as to him at any rate she was not negligent either in maintaining the branch or in failing to warn him of a possible danger therefrom. If she had given the same implied invitation to one who was a mere stranger to the locality, or to one whose team reached above the height of the branch, as in *Embler* v. *Wallkill,* 57 Hun, 384, a different situation would have been presented.

A verdict for the defendant should have been ordered in accordance with her request; her exceptions must be sustained; and under St. 1909, c. 236, judgment must be entered in her favor.

*So ordered.*