Merrimack, }
May 5, 1914. }

### ANNA M. KNOWLES *v.* EXETER MANUFACTURING CO.

One who uses part of a building for storage by leave of the lessee is not a bare licensee, but a rightful occupant who is privileged to visit the premises at all reasonable times and use the private way leading thereto until his permission is revoked and he has had an opportunity to remove his property.

Where the lessor of a building digs a ditch in the private way leading thereto and negligently leaves the same unguarded, he is liable for injuries resulting therefrom to a known occupant of the premises, and cannot escape liability on the ground that his lessee was aware of the existence of the defect.

In such case, evidence that the workmen upon the ditch were informed by the lessee that no lights or barriers were required is admissible upon the issue of the defendant's care.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1913, of the superior court by *Chamberlin,* J., on the defendant's exceptions to the denial of a motion for the direction of a verdict in its favor and to the exclusion of certain evidence.

The evidence tended to show that the defendant, being in possession of two stables, one on either side of a private way which was used as an approach to both, let the stable next to the blind end of the way to one Young. Young permitted the plaintiff to keep her horse in the stable, and it was her habit to go there about half past seven o'clock each evening to see the horse. The defendant knew she kept her horse there. October 16, 1911, the defendant dug a ditch two thirds across the space between the stables, to repair water pipes. The ditch was left unguarded, and the plaintiff fell into it when going to the stable according to her custom. When the men quit work upon the ditch at night, Young was present. The defendant offered to show that the workmen asked Young if he wanted lights or barriers put up, and he replied: "No; there is no occasion for it." The evidence was excluded, subject to exception.

*Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Eastman, Scammon & Gardner, Samuel K. Bell,* and *Edward A. Lane* (*Mr. Eastman* and *Mr. Lane* orally), for the defendant.

PEASLEE, J. The defendant has argued its motion for a directed verdict as though the excluded evidence of Young's consent to leaving the ditch unguarded had been admitted. But the case cannot be disposed of on that theory. The evidence is not in the case. If it had been admitted it might have been contradicted, so that the plaintiff could still have gone to the jury upon the theory that no such fact existed. The motion must be decided upon the evidence as it stands.

The claim that the plaintiff was only a licensee upon the premises is not supported by the facts. There was much more than bare toleration of her presence. Young having given her permission to keep her horse in the stable, and she having acted upon the leave given and placed her property there, she had a right to go there at all reasonable times until the permission was revoked and she had reasonable opportunity to remove her property. The fact that her occupancy was without payment of rent did not impair her right to use the common way which led to the building she was rightfully occupying. Even if she were only a licensee, the rule that the defendant must act with due care toward her, when it saw fit to act at all, would be applied. The Massachusetts cases holding that there is no liability to a licensee except for what are there called intentional injuries (*Heinlein* v. *Railroad,* 147 Mass. 136; *West* v. *Poor,* 196 Mass. 183; *Jones* v. *Railroad,* 211 Mass. 521) are not followed in this state. *Brown* v. *Railroad,* 73 N. H. 568; 27 Harv. Law Rev. 403.

The claim that the place of accident was not a passageway is advanced, upon the evidence furnished by the photographs; but an examination of them shows wagon tracks covering practically all the space where the ditch was dug. They also show that the ground was sufficiently traveled upon so that it was bare of grass to a point much nearer to the blind end of the way. This evidence, taken in connection with the relative position of the various structures there, shows that there was at least enough to go to the jury upon this question.

Much stress is laid upon the fact that Young knew of the existence of the open ditch. It is assumed that this knowledge would

prevent a recovery by him for injuries caused by falling into the ditch; and as the plaintiff claims under him, it is argued that she cannot recover when he could not. If this were a suit for a breach of the contract of hire, there might be force in the argument. But it is not such a suit. The action is for negligent conduct in the management of a way which could well be found not to be a part of the leased premises. The complaint is not of conditions existing when the contract of letting was made, but of the active misconduct of the defendant in thereafter rendering the way unsafe.

When Young saw the ditch the rights of others had already attached. The defendant knew this. If Young's knowledge would prevent the subsequent acquisition through him of rights to an unobstructed way, that knowledge could not operate to cut down rights theretofore acquired. It did not destroy the existing relation between the plaintiff and the defendant. This would be true even though, as claimed, Young had told the defendant no lights were needed. The plaintiff's rights growing out of her relation to the defendant were already established. The defendant owed her a duty of careful action which it could not escape in this manner. It is true that she claims through Young, but that is merely the way in which she became a part of the situation. The relation to the defendant, when created, became hers as distinguished from Young's. Neither Young, nor the defendant, nor both of them acting together, could terminate such relation without notice of any kind to her. Young's tenancy, her occupancy under Young, and the defendant's knowledge of the situation, created a relation between the plaintiff and the defendant which called for the exercise of ordinary care in digging up the common way over which she had a right to travel. The defendant having assumed to act toward a known situation, was bound by the usual rule of reasonable conduct. *Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 522, 533; *Kambour* v. *Railroad, ante,* 33, 46.

It follows that many of the cases relied upon by the defendant are not in point. They relate to the landlord's contractual duty growing out of the agreement. This duty is entirely distinct from his duty to use care when he does some act which alters the situation. The latter duty is not limited to those with whom he has contractual relations. See *Dustin* v. *Curtis,* 74 N. H. 266.

There was no error in the ruling that there was evidence entitling the plaintiff to go to the jury.

Evidence was offered, and excluded subject to exception, that

the defendant's servant asked Young if he wanted lights or barriers put up and that Young replied: "No; there is no occasion for it." This evidence was admissible on the issue of the defendant's care. The tenant was presumably familiar with the use likely to be made of the way. On the issue of what protection might be needed, his opinion would be of value to those less familiar with the facts. A person having such a situation to deal with would naturally and properly rely more or less upon the recommendation of a person having actual knowledge of how the way was used. "The fact that a recommendation from such a person was made has a bearing upon the question whether ordinary care was exercised" in the course pursued. *Little* v. *Company,* 69 N. H. 494, 495.

The remaining exceptions relate to the course of procedure at the trial. The questions are not likely to arise at a subsequent trial, and as the verdict is to be set aside it is not necessary to now consider them.

*New trial granted.*

PLUMMER, J., was absent: the others concurred.