DENNIS J. MURPHY, administrator, *vs.* AVERY CHEMICAL
COMPANY.

SAME *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    October 19, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Causing death, Invited person, Grade crossing of private way with
railroad, Railroad. *Railroad. Way,* Private.

At the trial together of two actions of tort brought by an administrator, one against
a railroad corporation and the other against a manufacturer, for the causing
of conscious suffering and the death of the plaintiff's intestate, who, while
driving a motor vehicle across railroad tracks on a private way leading from the·
manufacturer's premises, whither he had gone to deliver merchandise, was struck
by a passing railroad train, there was evidence tending to show that the dece-
dent on at least one previous occasion had been on the crossing; that the manu-
facturer knew that signals had not been given by trains passing the crossing,.
that he had asked the railroad company to signal the approach of trains there.

and that the request had not been granted; that at the time of the accident the view of the track in the direction from which the train which struck the decedent came was obstructed by cars which were standing on an open track and which had been placed there by the railroad corporation as and when directed by the manufacturer; that no warning signal was given on approaching the crossing by the train which struck the decedent, that the crossing was planked and that there was no defect in the driveway. There was nothing to show who had planked the crossing or that the engineer of the train saw the decedent until he was on the crossing. A verdict was ordered for the defendant in each case. *Held,* that

(1) The decedent was upon the crossing at the implied invitation of the manufacturer;

(2) The failure of the manufacturer to warn the decedent of the existence of the crossing was not a breach of duty;

(3) The failure of the manufacturer to warn the decedent that signals were not given by trains passing the crossing, and of his danger at the crossing, was not a breach of duty;

(4) There was no evidence of negligence on the part of the manufacturer;

(5) There was no evidence that the driveway was a highway, town way or travelled place within the meaning of R. L. c. 111, § 188;

(6) On all the evidence, the decedent was upon the crossing merely by the license or permission of the railroad corporation;

(7) There was no evidence that the railroad corporation or its servants or agents intentionally injured the decedent or wantonly or recklessly exposed him to danger;

(8) The verdicts for the defendants properly were ordered.

TWO ACTIONS OF TORT for the alleged negligent causing of conscious suffering and the death of one Fauntley M. McKnight, the plaintiff's intestate. Writs dated May 18, 1917.

In the Superior Court, the actions were tried together before *Sisk,* J. Material evidence is described in the opinion. At the close of the evidence, on motions by the defendants, the judge ordered verdicts for the defendants; and the plaintiff alleged exceptions.

*J. T. Connolly & A. V. Sullivan,* for the plaintiff, submitted a brief.

*J. M. O'Donoghue,* for the Boston and Maine Railroad.

*J. M. Maloney,* for the Avery Chemical Company.

CARROLL, J. These two actions of tort for the death and conscious suffering of Fauntley M. McKnight were tried together in the Superior Court. A verdict for each of the defendants was directed.

The plaintiff's intestate, while driving an automobile at a place where a way leading to the premises of the Avery Chemical Com-

pany crossed the main and spur track of the Boston and Maine Railroad, was struck by one of its trains and received injuries from which he died. He had delivered six kegs of nails at the plant of the Avery Chemical Company and then started to leave the premises by the same road he had entered. There was evidence that this road, led from the public highway, passed over the land of a third person, and then across the railroad location to the premises of the Avery Chemical Company. The view of the main track in the direction from which the train came was obstructed by cars standing on the spur track close to the crossing. These cars were placed by the railroad company, but were located where the chemical company desired them. The train was going at the rate of from thirty to forty miles an hour. The engineer testified that he "whistled back of that Avery Chemical Crossing, . . . because . . . [he] considered it a dangerous place;" but there was evidence that the whistle was not blown and the bell was not rung. The crossing was planked, but there was nothing to show by whom this work was done. There was no evidence that the engineer of the train saw the plaintiff's intestate until he was upon the crossing.

We consider first the case against the Avery Chemical Company. The plaintiff's intestate came upon its premises to deliver merchandise purchased from his employer. He was there at the implied invitation of the chemical company, and it owed him the duty of exercising reasonable care to keep the driveway in a safe condition for him to use. As was said in *Shaw v. Ogden,* 214 Mass. 475, 476, the duty rested on this defendant " of warning him against any dangers attendant upon its use which were not known to him and which either were known or in the exercise of reasonable care ought to have been known" by the defendant. There was, however, no defect in the driveway and this defendant was not responsible for the manner of operating the trains. While the cars standing on the spur track obstructed the view of the approaching train, this obstruction was open and obvious and it was not a breach of duty on the part of this defendant to fail to warn him of its existence. The defendant knew that signals were not given by passing trains, and it had requested the railroad company to signal the approach of trains at this crossing. The request was not granted, but the chemical company did not fail

in its duty because it did not warn McKnight that signals were not given. It was apparent that the main track must be crossed when he entered or departed from the chemical company's premises. He had been over this crossing on at least one occasion prior to the accident; in crossing the tracks he was in a position calling for caution and attention on his part, and he must be presumed to have known the danger. The owner of the premises was not negligent because it failed to warn him that signals were not given by passing trains; and it was not required in the exercise of reasonable care, on the evidence shown on this record, to warn him of the danger. It did not appear that any one in the employ of this defendant saw the train in time to caution him; and it was not obliged to station some one at the crossing for that purpose. *Moynihan* v. *Whidden*, 143 Mass. 287, *Gordon* v. *Cummings*, 152 Mass. 513, *Drennan* v. *Grady*, 167 Mass. 415, relied on by the plaintiff, are not applicable. There was no defect in the way itself, and the danger from passing trains was not caused by the defendant, but by the operations of the Boston and Maine Railroad. On this record we are unable to find any evidence of negligence on the part of the Avery Chemical Company for consideration by the jury. *Shaw* v. *Ogden, supra. Cross* v. *Boston & Maine Railroad*, 223 Mass. 144, and cases cited at pages 147 and 148.

In the case against the Boston and Maine Railroad, the record shows that the plaintiff was injured January 22, 1916. The writ in the action is dated May 18, 1917. Even if the plaintiff could recover for the negligence of the defendant causing the death of his intestate, the action was not brought within one year after the date of the injury, as required by the statute. St. 1907, c. 392. *Crosby* v. *Boston Elevated Railway*, 238 Mass. 564.

There was evidence that the plaintiff's intestate consciously suffered; and it remains to be considered whether the plaintiff is entitled to recover on this ground. There was no evidence that the driveway on which McKnight was travelling when injured, was either a highway, town way or travelled place within the meaning of R. L. c. 111, § 188. *Coakley* v. *Boston & Maine Railroad*, 159 Mass. 32. *Stewart* v. *New York, New Haven & Hartford Railroad*, 170 Mass. 430. It did not appear that the planking on the crossing was constructed or maintained by the railroad

company. The road was a private way leading from the public· highway across the land of a third person, thence across the railroad location to the premises of the Avery Chemical Company;, and while McKnight was upon the premises of the chemical company by its invitation, there is nothing on this record to show that he stood in this relation to the railroad company. Considering all the evidence disclosed he was there by its license or permission merely, and its duty was to refrain from wanton, wilful or reckless conduct toward him. *Chenery* v. *Fitchburg Railroad*, 160 Mass. 211. *O'Brien* v. *Union Freight Railroad*, 209 Mass. 449.. *Jones* v. *New York, New Haven & Hartford Railroad*, 211 Mass. 521. *Coakley* v. *Boston & Maine Railroad, supra.* It was not. shown that the defendant or its servants intentionally injured the plaintiff's intestate, or wantonly or recklessly exposed him to danger. The engineer did not know that the intestate was about to cross in front of the train, and he did not see him until he was on the crossing. Even if the engineer failed to give any· signal by bell or whistle, this failure was far short of wilful, intentional and reckless conduct which the plaintiff was required to· establish in order to make out his case against the railroad. "As. against a bare licensee, a railroad company has a right to run its. trains in the usual way, without special precautions, if the circumstances do not of themselves give warning of his probable· presence, and he is not seen until it is too late." *Chenery* v. *Fitchburg Railroad*, 160 Mass. 211, 213.

The exceptions to the exclusion of the evidence are not argued and we treat them as waived.

In both cases the exceptions must be overruled; and it is

*So ordered..*