WILLIAM CULLEN *vs.* NEW ENGLAND FUEL AND
TRANSPORTATION COMPANY.

JOHN J. BARRY *vs.* CHARLES F. ADAMS & others, trustees.

Suffolk. March 11, 1925. — June 25, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of owner of steamship toward employee of independent contractor. *Practice, Civil,* Exceptions.

At the trial of an action for personal injuries received when the plaintiff was on a steamship of the defendant in the employ of a subcontractor and due to the breaking of the auxiliary stop valve on the forward starboard boiler, the judge incorrectly instructed the jury, in substance,

that the defendant was bound to furnish the plaintiff with a safe place in which to work, to keep it safe and maintain it in a safe and reasonably proper condition. The matter being called to his attention, the judge later stated to the jury in substance that he did not mean to say that the defendant insured the safety of the plaintiff on the premises; that the defendant was bound to use reasonable care and caution and diligence to see to it that the premises remained in a safe condition, but was not an insurer of the plaintiff's safety, that is, was not bound to respond to the plaintiff in damages for injuries suffered by the plaintiff there for causes over which the defendant had no control and for which he was "not the negligent cause." *Held*, that the subsequent instructions were correct and that the defendant was not harmed by the erroneous instructions first given.

At the trial of the action above described, it appeared that, some five months previous to the injury to the plaintiff, the steamship had been examined by official inspectors under U. S. Rev. Sts. § 4421. The judge instructed the jury that they properly could take into account that inspection of the steamship as bearing on the defendant's care; that the defendant could rely thereon to some extent but that he could not rely on that inspection exclusively. *Held*, that the instruction was correct.

Two ACTIONS OF TORT for personal injuries received when the plaintiffs were at work on the steamship "Everett" in the employ of subcontractors. The record states that the "defendants are the same in each case, although differently described." Writs dated, respectively, April 3, 1922, and July 20, 1922.

In the Superior Court, the actions were tried together before *Broadhurst*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"6. If the steamship 'Everett' was inspected in 1921 prior to the accident by the United States local steamboat inspectors and they approved the vessel and her equipment throughout and issued a certificate as required by U. S. Rev. Sts., § 4421, the defendant cannot be held liable because of the age or condition of the valve which gave way unless between the date of the inspection and the accident there was some indication from which the defendant in the exercise of reasonable care should have discovered that the valve was defective by reason of its age or condition, and if the plaintiff relies on any such indication, the burden of proof is on him to prove the same."

"1A. If the jury find that the drip to the valve was closed,

the defendants cannot be held guilty of negligence for that reason unless under the existing conditions there could have been water hammer and the servants and agents of the defendant ought in the exercise of reasonable care to have anticipated that there might be water hammer."

"3A. The defendants cannot be held guilty of negligence because the live boiler was not blank flanged unless there could have been water hammer and the servants and agents of the defendants in the exercise of reasonable care ought to have anticipated that there might be water hammer."

Material portions of the charge to the jury are described in the opinion. The jury returned verdicts for the plaintiff in the first action in the sum of $2,000, and for the plaintiff in the second action in the sum of $4,600. Before the verdicts were recorded, the following colloquy between the judge and the foreman of the jury occurred:

"The JUDGE: I want to ask you, Mr. Foreman and gentlemen, whether your verdicts are based upon finding the defendants were negligent in permitting conditions to exist which gave rise to a water hammer, or whether their negligence consisted in failure to discover a defect which by the exercise of reasonable care and diligence they ought to discover?

"The FOREMAN: It was founded on and due to the fact that we thought the negligence was in regard to your latter phrase.

"The JUDGE: That they ought to have discovered the existence of the defect?

"The FOREMAN: They did not, perhaps you might say, probably did not keep in touch with the system as they should have kept in touch with it.

"The JUDGE: In other words, you didn't find water hammer occurred?

"The FOREMAN: It was caused practically through the two of them. We found it on the general negligence on the part of the officials who were in charge.

"The JUDGE: As I understand you, you say then you found water hammer occurred and it blew out the valve because of a defect in it which they did not discover?

"The FOREMAN: Yes, sir."

The defendants alleged exceptions.

*G. P. Wardner*, for the defendants.

*H. R. Donaghue*, for the plaintiff Cullen.

*J. J. Murphy*, for the plaintiff Barry.

CARROLL, J.  These are two actions tried together. The plaintiffs, in the employ of subcontractors, were injured by escaping steam while at work in the boiler room of the steamship "Everett," which was owned and operated by the defendants.  The cause of the accident was the breaking of the auxiliary stop valve on the forward starboard boiler. There was evidence of the defendants' negligence.  It is conceded that the plaintiffs were in the boiler room at the defendants' invitation, and it is not contended that the plaintiffs failed to exercise proper care.  The cases are before us on the defendants' exceptions to the rulings by the trial judge and his refusal to give certain requests for rulings.

The trial judge told the jury that the defendants were bound to furnish the plaintiffs with a safe place in which to work, to keep it safe and maintain it in a safe and reasonably proper condition.  This remark was in substance repeated in the charge.  The defendants' exception to this instruction brings before us the first exception argued in the defendants' brief.

The statement that the defendants were required to furnish the plaintiffs with a safe place or a reasonably safe place wherein to work did not accurately define the defendants' duty to the plaintiffs.  The defendants were not insurers.  They did not undertake to furnish a safe place for the plaintiffs and were not liable to them merely because the boiler room was unsafe.  As the plaintiffs were on the steamship at the invitation of the defendants, the defendants were bound in law to use reasonable care and caution to provide and maintain a safe place in which they could work, but were not bound absolutely to provide and maintain such a place; the duty was fulfilled if reasonable care was used to protect the plaintiffs from injury, in supplying and maintaining a safe place.  *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127, 129.  *Jacobsen* v. *Simons*, 217 Mass. 194, 196.  *Blood* v.

*Ansley*, 231 Mass. 438, 442. *Murphy* v. *Avery Chemical Co.* 240 Mass. 150, 152. *Urserleo* v. *Rosengard*, 248 Mass. 542, 544.

The statement that the defendants were obliged to provide and maintain a safe place was subsequently corrected by the trial judge: the jury were instructed that the defendants' duty was to exercise reasonable care to provide a suitable place; and at the conclusion of the charge, when his attention was directed to the defendants' exceptions, he said: "I don't mean to say that the defendants insure the safety of the plaintiffs on their premises. The defendants are bound to use reasonable care and caution and diligence to see to it that the premises remain in a safe condition; but they were not insurers of the plaintiffs' safety, that is, they were not bound to respond to the plaintiffs in damages for injuries suffered by the plaintiffs there for causes over which the defendants had no control and for which they were not the negligent cause." This instruction correctly stated the law; it was sufficiently favorable to the defendants, and the jury must have understood from these concluding remarks that the duty of the defendants was to exercise proper care and that they were liable only for failure in this respect. In our opinion the defendants were not harmed by the instructions previously given. Their rights were fully protected and the exceptions to the charge of the presiding judge cannot be sustained.

There was no error in the way in which the defendants' sixth request was dealt with. That request had reference to the inspection of the steamship under U. S. Rev. Sts. § 4421. The judge called the jury's attention to the fact that the plaintiffs admitted that the vessel had been examined by the federal inspectors in July, 1921, some five months before the plaintiffs were injured; and the jury were instructed that they could properly take into account the inspection of the steamship as bearing on the defendants' care; that the defendants could to some extent rely on this inspection as indicating that the valve was in good condition and free from defects, but that the defendants could not rely on that inspection exclusively. The inspection by the government

authorities was some evidence tending to show that the defendants exercised reasonable care, but was not conclusive; it was still a question of fact for the jury, and the jury were properly instructed on this point.

There was no error in refusing the first and third additional requests of the defendants. The subject matter was discussed by the judge in the charge, and the defendants' rights were fully protected. The jury found that water hammer existed, that the valve blew out because of a defect, and that the defendant was negligent.

We find no error in the conduct of the trial.

*Exceptions overruled.*